HINKLE, District Judge,
concurring in part and dissenting in part:
I concur in all respects but one. I dissent from the holding that the plaintiff has stated a common-law conversion claim on which relief can be granted.
An unsolicited fax, like an unsolicited telephone call, ties up the recipient’s telephone line or analogous facility. Unsolicited telephone calls have been with us for as long as telephones themselves. Without more, an unsolicited telephone call has never been thought to be a conversion of the recipient’s telephone line. Neither is an unsolicited fax. Similarly, an unsolicited email does not convert the recipient’s internet connection. Unsolicited snail mail does not convert the recipient’s mail box.
To be sure, a fax may use the recipient’s paper and toner, but that is so less and less often; surely the days when messages are received this way are near an end. Here the recipient had a machine that indeed used paper and toner. Whether there was paper in the machine and this message was printed is uncertain, but I assume a jury could infer that it was. Still, the recipient chose to have a fax line and to print faxes. In my view, a person does not suffer a common-law conversion when the person chooses to connect a fax machine to a network, chooses to use paper and toner to print faxes, and then receives an unsolicited fax.
And even if, contrary to my view, using paper and toner for a single unsolicited fax could otherwise be deemed a conversion, there is much to be said for the view that such a claim runs afoul of the principle that the law does not deal with trifles. Receiving a single unsolicited fax may not be a trifle, but the reason has' little if anything to do with the paper and toner. As several courts now have said, “the ancient maxim de minimis non curat lex might well have been coined” for a conversion claim based solely on the loss of paper and toner through a single unsolicited fax. G.M. Sign, Inc. v. Elm Street Chiropractic, Ltd., 871 F.Supp.2d 763, 768 (N.D.Ill. 2012) (quoting Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc., 633 F.Supp.2d 610, 613 (N.D.Ill.2009)).
An unsolicited fax, like an unsolicited telephone call, may be unpleasant and even obnoxious and may tie up the recipient’s telephone line or other facility. This is why, in the Telephone Consumer Protection Act, Congress placed restrictions on unsolicited faxes and calls and created a private right of action. When all that is alleged is the sending of a single unsolicited fax or the placement of a single unsolicited telephone call, the recipient has a right of action to the extent — and only to the extent — Congress so provided. I respectfully dissent from the majority’s conclusion that a single unsolicited fax also *1262 gives rise to a separate common-law claim for conversion.